IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PEGGY A. FOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-05-1009-C |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff previously requested attorney's fees pursuant to 42 U.S.C. § 406(b) and also requested that the Court stay the motion pending resolution of Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931 (10th Cir. 2008). (See Pl.'s Am. Mot., Dkt. No. 32; Pl.'s Mot. to Stay, Dkt. No. 33.) After granting the stay, the Court then lifted it on May 16, 2008, upon Plaintiff's motion and the issuance of Wrenn. The government then filed its response, and this matter is now at issue.

Section 406(b)(1)(A) provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

On November 14, 2006, the Court entered an order and judgment reversing and remanding Plaintiff's case for further administrative proceedings. It is undisputed that after remand the Commissioner issued a favorable decision finding that Plaintiff had been disabled since March 2001. (See Notice of Award, Dkt. No. 31, Ex. 1.) On November 12, 2007, a notice of award was issued, and Plaintiff was informed that she would receive past-due benefits of $35,220.00. (See id.) Plaintiff then filed her initial motion for § 406(b) fees on December 4, 2007. (See Pl.'s Mot., Dkt. No. 29.) Thus, it is clear that Plaintiff received a favorable judgment and applied for an award within a reasonable time. See McGraw v. Barnhart, 450 F.3d 493, 503 (10th Cir. 2006) (holding § 406(b)(1) allows a district court to award attorney's fees when the court remands for further proceedings and there is a subsequent award of benefits by the Commissioner); id. at 505 (noting request for fees must be made within a reasonable time of the Commissioner's decision).

The only question remaining is whether the fee is reasonable. Fee requests are capped at no more than twenty-five percent of the amount of the past-due benefits. See § 406(b)(1)(A). Here, Plaintiff's attorney seeks $8,805.00, which is twenty-five percent of the past-due benefits. Thus, the request is within the statutory ceiling. Plaintiff's attorney notes that under his contract with Plaintiff he is entitled to $8,805.00 in fees; the agency withheld that amount from Plaintiff's past-due benefits. (See Pl.'s Am. Mot. at 3; Notice of Award, Ex. 1 at 2; Wrenn, 525 F.3d at 933 ("In order to protect an attorney from non-payment . . . the Commissioner may withhold up to 25% of the past-due benefits awarded to pay directly to the attorney.").) The agency since has paid Plaintiff's administrative

representative $5,300.00 from that sum. (See Notice of Award at 1.) Thus, $3,505.00 remains from that withheld amount to be paid to Plaintiff's attorney. Plaintiff's attorney therefore has requested an amount greater than that still available for distribution by the agency. "If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference. At that point the attorney stands on the same level as other judgment creditors in attempting to collect." Wrenn, 525 F.3d at 933.

The touchstone of a § 406(b) attorney's fee award is whether the amount requested by Plaintiff's counsel is reasonable; "the inquiry begins with the terms of the fee agreement." Hill v. Astrue, 248 F. App'x 923, 928 (10th Cir. 2007) (unpublished) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002)). The contingent fee contract between Plaintiff and her counsel provides that Plaintiff owes counsel a fee if and only if the federal court action is successful and Plaintiff is awarded benefits upon remand. (See Contract, Pl.'s Am. Mot. Ex. 1.) The attorney's fee to be paid under the contract's terms is 25% of the past-due benefits, subject to reduction by any award of fees pursuant to EAJA. (See id.) In addition, the contract requires Plaintiff to reimburse her attorney for filing fees and other expenses incurred in pursuing her claim regardless of the ultimate outcome of the suit. (See id.) This fee agreement was approved by the agency, and there is no indication in the record that any party objected to the amount of the fee. (See Notice of Award Ex. 1 at 2.) Having examined the terms and provisions of the contract, the Court finds that it is reasonable.

With respect to the other factors to be considered in assessing a reasonable fee, the quality and timeliness of the work performed by Plaintiff's counsel warrant the fee requested. Because Plaintiff's counsel did not represent Plaintiff before the agency, he had to perform a thorough study of the administrative record at the outset. (See Pl.'s Am. Mot. at 6; Pl.'s Mot. for EAJA Fees, Dkt. No. 27., Ex. 1.) While a computation of the amount sought divided by the hours expended reveals an hourly rate somewhat higher than the Court would normally expect (see Pl.'s Mot. for EAJA Fees Ex. 1), the Supreme Court has indicated that the lodestar method is not the proper manner for evaluating the reasonableness of a § 406(b) contingency fee. See Gisbrecht, 535 U.S. at 806. Rather, the Court is to evaluate the reasonableness of the fee in light of the results obtained. Id. at 807.

As noted, the remand of Plaintiff's case resulted in a favorable result for Plaintiff that included a sizable award of past-due benefits. Considering the ultimate benefit to Plaintiff, an award of this amount is reasonable. Bolstering this conclusion is consideration of the net amount the client will actually pay. Plaintiff previously received an attorney's fee award under the EAJA in the amount of $5,442.50. (See Order, Dkt. No. 28.) As required by law, Plaintiff's counsel shall refund that lesser award to Plaintiff pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

Upon consideration of the facts and circumstances presented, the Court finds that the requested amount of $8,805.00 represents a fair and reasonable fee for the work done in this case in view of the nature of the representation and the results achieved. The Court further

finds that the motion was filed within a reasonable time of the Commissioner's decision awarding benefits.

## CONCLUSION

As outlined herein, Plaintiff's amended motion for attorney's fees (Dkt. No. 32) is GRANTED. The Court approves an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $8,805.00 to Plaintiff's attorney Steve A. Troutman of the firm Troutman & Troutman, P.C.

IT IS SO ORDERED this 23rd day of July, 2008.

ROBIN J. CAUTHRON
United States District Judge